UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISOL ROMAN,

    Plaintiff,

v.                                                       CASE NO. 8:21-CV-2931-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

This is an action for review of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. *See* 42 U.S.C. § 405(g). Plaintiff argues the ALJ erred in formulating her RFC. Specifically, she maintains: 1) the ALJ excluded from her RFC certain limitations identified by the State Agency consultants and consultative examiner that should have been included; 2) the ALJ failed to explain why she excluded these limitations from her RFC; and 3) record evidence supports these limitations. After considering the parties' memoranda (docs. 15, 19, 23) and the administrative record (doc. 9), I find the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence.[1]

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

    I.    *Background*

Plaintiff Marisol Roman was born on October 14, 1970, and was 49 years old on her alleged disability onset date of June 3, 2020 (R. 33). Plaintiff graduated from high school and earned a certificate in computers (Tr. 35). She has past work experience as a collection supervisor (Tr. 35). She was employed at H. Lee Moffitt Cancer Center as a Managed Care Collection Supervisor from May 2017 through June 2020. She stopped working due to mental health problems and received short-term disability benefits from July 2020 through September 2020 and then long-term disability benefits thereafter (Tr. 444-447). At the time of Plaintiff's 2021 administrative hearing, she lived with her husband and 20-year-old son (Tr. 34). Plaintiff alleged disability due to severe anxiety, panic disorder, severe depression, suicidal ideations, high blood pressure, nausea, vomiting, insomnia, diabetes insulin dependent, and neuropathy extremities (Tr. 399).

Given her alleged disability, Plaintiff filed an application for a period of disability and DIB (Tr. 338-344). The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 141-158, 159-186). Plaintiff then requested an administrative hearing (Tr. 218-19). Per Plaintiff's request, the ALJ held a telephonic hearing on June 7, 2021, due to the extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic (Tr. 27-67). Following the hearing, the ALJ issued an unfavorable decision on August 11, 2021, finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 10-20). In rendering the administrative decision, the ALJ concluded that

Plaintiff met the insured status requirements through December 31, 2024, and had not engaged in substantial gainful activity since her alleged onset date of June 3, 2020 (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments through the date last insured: degenerative joint disease of the lumbosacral spine; diabetes mellitus; neuropathy; carpal tunnel syndrome; depressive disorder; anxiety disorder; panic disorder; and personality disorder (Tr. 13). Notwithstanding the noted severe impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(a) with the following limitations:

> … except that she can frequently climb ramps and stairs but never ladders, ropes, or scaffolds; she can frequently stoop, kneel, crouch, and crawl; she can frequently handle, finger, and feel with the bilateral upper extremities; she must avoid concentrated exposure to vibrations and hazards; she is able to understand, carry out, and remember simple, routine, and repetitive tasks involving only simple, work-related decisions; she can adapt to gradual, routine work place changes; she can maintain concentration , persistence, and pace at an acceptable level throughout a normal work day and week; and she can occasionally interest with the general public, coworkers, and supervisors.

(Tr. 15). In formulating Plaintiff's RFC, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the

objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p (Tr. 15).

The ALJ opined that Plaintiff is unable to perform her past relevant work (Tr. 18). Given Plaintiff's background, and the RFC, the vocational expert (VE) testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as the jobs of production assembler (DOT 706.687-010), housekeeping cleaner (DOT 323.687-014), and routing clerk (DOT 222.687-022) (Tr. 19-20). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 20). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.   *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

4

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate

to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision.  *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.   Discussion

Plaintiff's contentions of error all concern the ALJ's RFC.  She contends: 1) the ALJ found the opinions of the State Agency psychological consultants (Eric Wiener

and Nicolas Rios) and the consultative psychological examiner (Peter Bursten) "persuasive," but failed to adopt the limitations they identified in the RFC; 2) the ALJ failed to explain the exclusion of these limitations from the RFC; and 3) the record evidence supports the limitations identified by these experts.

A claimant's RFC is the most work she can do despite any limitations caused by her impairments. 20 C.F.R. § 404.1545(a)(1).  RFC is a formulation reserved for the ALJ, who, of course, must support her findings with substantial evidence.  *See* 20 C.F.R. § 404.1546(c); *Beegle v. Comm'r of Soc. Sec.*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor").  To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms.  20 C.F.R. § 404.1545(a)(1).  In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each.  20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e); *see Schink v. Comm'r of Soc.*

7

*Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (*per curiam*) (citation omitted) ("Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC"); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (the "ALJ must consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

    Since Plaintiff submitted her application for benefits on July 8, 2020, the ALJ properly applied the new regulations governing medical opinions.[2] Namely, under 20

---

[2] Previously, in the Eleventh Circuit, an ALJ was required to afford the testimony of a treating physician substantial or considerable weight unless "good cause" was shown to the contrary. *Winschel*, 631 F.3d at 1179; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Claims filed on or after March 27, 2017, however, are governed by the new regulations that remove the

C.F.R. § 404.1520c, an ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding, including from a claimant's medical source. 20 C.F.R. § 404.1520c(a). Rather, in assessing a medical opinion, an ALJ considers a variety of factors, including but not limited to whether an opinion is well-supported, whether an opinion is consistent with the record, the treatment relationship between the medical source and the claimant, and the area of the medical source's specialization. 20 C.F.R. § 404.1520c(c)(1)-(4). The primary factors an ALJ will consider when evaluating the persuasiveness of a medical opinion are supportability and consistency. 20 C.F.R. § 404.1520c(a) & (b)(2). Specifically, the more a medical source presents objective medical evidence and supporting explanations to support the opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1). Further, the more consistent the medical opinion is with the evidence from other medical sources and nonmedical sources, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-

---

"controlling weight" requirement when considering the opinions of treating physicians. 20 C.F.R. § 404.1520c(a). *See also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022)(concluding that, since the new regulations fall within the scope of the Commissioner's authority and are not arbitrary and capricious, the new regulations abrogate the Eleventh Circuit's prior precedents applying the so-called treating-physician rule).

9

by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. § 404.1520c(b)(1). Beyond supportability and consistency, an ALJ may also consider the medical source's specialization and the relationship the medical source maintains with the claimant, including the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and whether the medical source examined the claimant, in addition to other factors. 20 C.F.R. § 404.1520c(c)(3)(i)-(v), (4), & (5). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other factors.[3] 20 C.F.R. § 404.1520c(b)(2).

*A. ALJ properly considered the opinions of Weiner, Rios, and Bursten*

Plaintiff's first argument is that despite finding the opinions of Weiner, Rios, and Bursten "persuasive," the ALJ failed to include the limitations these experts identified in the RFC. Specifically, Plaintiff indicates the RFC should have included her mental limitations (her brief lapses of focus, her brief interactions with others, and her task persistence affected by her high level of anxiety). The Commissioner, in

---

[3] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. § 404.1520c(b)(3).

response, asserts that the ALJ properly considered the evidence, including the opinion evidence from Weiner, Rios, and Bursten, in formulating the RFC.

Review of the ALJ's decision reveals that the ALJ complied with the applicable regulations in considering the opinion evidence and in formulating her RFC. Specifically, consistent with the new regulations, the ALJ discussed the State Agency psychological consultants' reports (Tr. 17). The ALJ stated:

> State agency psychiatric consultants Eric Wiener, Ph.D. and Nicolas Rios, Psy.D., opinioned that claimant can perform simple, repetitive tasks with brief lapses of focus in a low-stress work environment, brief interaction with others, and few changes (Exhibits 1A; 3A). In support of their opinions, Drs. Wiener and Rios cited to the claimant's lack of significant cognitive issues, "fairly unremarkable" mental stats examinations, and conservative treatment since her hospitalization (Exhibits 1A; 3A). These findings have remained consistent with the hearing-level record, which reflects stable symptoms and continuing conservative treatment via a psychiatrist and psychotherapist, without any further hospitalizations or emergency treatment (Exhibits 1A; 3A).

(Tr. 17). Thus, the ALJ found the opinions of Wiener and Rios "persuasive with respect to the claimant's residual functional capacity" (Tr. 17).

Similarly, the ALJ considered the opinion of consultative examiner Bursten (Tr. 17). The ALJ stated:

> Dr. Bursten opined that the claimant has a marked limitation with respect to carrying out and making judgment on complex instructions, a moderate limitation with respect to understanding and remembering complex instructions, making simple decisions, and interacting with others, and mild limitations in understanding, remembering, and carrying out simple instructions (Exhibit 24F). Dr. Bursten cited to the claimant's "very high level of anxiety" in support of these opinions, which were also supported by his observations of the claimant's "exceptionally overemotional" presentation but

11

> without distraction or inattention (Exhibit 24F). Dr. Bursten's findings and opinions are also consistent with the overall record, in which the claimant was tearful and sobbing at times, but otherwise typically displayed intact cognition and attention (Exhibits 7F/86, 91, 97; 10F; 15F; 16F/2-5; 21F/6).

(Tr. 17). Accordingly, the ALJ found Bursten's opinions "persuasive" (Tr. 17).

Though an ALJ may not take on the role of doctor, the final responsibility for determining the RFC remains with the Commissioner, not a physician. *Leslie v. Comm'r of Soc. Sec.*, 2022 WL 4476661, at *4 (11th Cir. Sept. 27, 2022). Here, in formulating the RFC, the ALJ did not "play doctor," but rather considered all the evidence of record, including the medical opinions from psychological consultants Wiener and Rios and the consultative examiner Bursten. As set forth above, the regulations require the ALJ to evaluate the persuasiveness of medical opinions and prior administrative findings. Notably, the applicable regulation contains a "source-level" articulation requirement, and do not require the ALJ to address every limitation or prior administrative finding identified by a medical source. *See* 20 C.F.R. § 404.1520c(b)(1). Moreover, the regulations do not require the ALJ to defer to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a). Similarly, the regulations do not require the ALJ to adopt every part of an opinion or prior administrative finding that she finds persuasive into the RFC. 20 C.F.R. §§ 1513a(b)(1), 404.1520c(a)-(b). In fact, the regulations clearly articulate that it is the ALJ's responsibility to assess RFC "based on all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3); 404.1546(c).

Accordingly, the ALJ's decision reflects that beyond the medical evidence of record, the ALJ also considered and evaluated the other record evidence. The ALJ cited to Plaintiff's testimony and her written statements that describe daily panic attacks, suicidal ideation, fatigue, difficulty sleeping, hallucinations, weight loss, memory loss, and an inability to focus (Tr. 16-17). She indicates she can only sit for ten minutes, walk for a few seconds, has difficulty reaching overhead, and has difficulty controlling her diabetes due to difficulty eating (Tr. 16). And she testified that her husband and son take care of her as she is unable to carry out basic self-care activities and household chores (Tr. 16). Despite finding "some support in the record" for Plaintiff's allegations, the ALJ noted that her statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record (Tr. 16). The ALJ discussed that Plaintiff has not required any emergent, inpatient, or extensive outpatient treatment since her June/July 2021 hospitalization; has sobbed during regular psychiatry appointments but mental status exams have remained grossly normal; typically demonstrates coherent speech, cooperative behavior, a logical thought process, fair to good insight and judgment; no cognitive, memory, concentration, or attention deficits (Tr. 16). The ALJ noted that Plaintiff traveled to visit family in Philadelphia and "was able to enjoy herself and sleep with medication" in March 2021 (Tr. 16). The ALJ also noted that Plaintiff reported to Bursten in July 2021 that she is able to carry out

13

all activities of daily living aside from cooking; that Plaintiff reported she experiences hallucinations but neither Bursten nor treating providers found evidence of psychosis; and that although Plaintiff presented as "exceptionally overemotional" sobbing and fidgeting throughout the examination, she was not distractible and responded logically and coherently (Tr. 16-17). *See* 20 C.F.R. § 404.1529(c)(3)(i).

Importantly, it appears the ALJ *did* account for the limitations identified by consultative examiner Bursten. The ALJ included limitations to simple, routine, repetitive tasks involving only simple, work-related decisions; gradual, routine workplace changes; and occasional interaction with others (Tr. 15-17). Again, an ALJ is "not required to articulate how [the ALJ] considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 404.1520c(b)(1). Hence, the regulations themselves undercut Plaintiff's argument. *See* 20 C.F.R. § 404.1520c(b)(1) ("We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually."). *See, e.g., League v. Comm'r of Soc. Sec.*, No. 2:20-cv-650-SPC-NPM, 2022 WL 1085540, at *6 (M.D. Fla. Feb. 7, 2022), report and recommendation adopted, 2022 WL 703011 (M.D. Fla. Mar. 9, 2022) (finding plaintiff's argument that ALJ should have limited him to moderate exposure to hazards to coincide with an agency opinion that ALJ found "generally" persuasive without merit).

*B. ALJ properly considered limitations identified by medical sources*

Plaintiff's second assignment of error is that the ALJ failed to specifically reject the limitations identified by Wiener, Rios, and Bursten that she did not include in the RFC (Doc. 15 at 17-18). As she states in her reply brief, "the ALJ did not reasonably or logically exclude limitations in otherwise 'persuasive' evidence from the RFC" (Doc. 23 at 4). Plaintiff identifies four reasons why this error requires remand: 1) because the ALJ's RFC "is not an accurate description of claimants limitations and the failure to accurately represent the practical effects of a claimant's individual limitations and impairments deprives the ALJ's decision of the required substantial evidence support;" 2) because the ALJ failed to consult a VE about the effect of non-exertional limitations of the jobs she might otherwise be able to do based only on exertional limitations; 3) because the ALJ failed to accommodate Plaintiff's deficiencies in concentration and task persistence (a limitation that is outcome determinative as being off-task 10% of the time or greater on a consistent basis results in unemployability); and 4) because the ALJ limited the quantity (but not the quality) of Plaintiff's social interactions with others, even though Wiener and Rios limit her to "brief interactions."[4] *See* Doc. 15 at 17-18 (citing *Winschel,* 631 F.3d at 1180). I find

---

[4] This first reason is summarily raised. Because Plaintiff has summarily raised this argument and failed to develop it, it is deemed waived. *See, e.g., N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) (holding that "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities are generally deemed to be waived.").

15

no merit in Plaintiff's assertion that the ALJ erred by failing to consult a VE about the effect of the non-exertional limitations on the jobs she is able to perform. The ALJ used the VE testimony in determining that there were jobs in the national economy that Plaintiff could perform (Tr. 19-20). Looking at Plaintiff's remaining contentions that the ALJ failed to address her limitations in social interactions and concentration/persistence, I find that the ALJ accounted for these limitations by including multiple restrictions in the mental RFC. *See* Tr. 15. It is the role of the ALJ, not the state agency medical consultants, to take the medical opinions and evaluate how they impact Plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1513a(b)(1), 404.1520c(b)(2), 404.1545(a), 404.1546(c). As the Commissioner recognizes, Plaintiff's arguments here invite the Court to re-weigh the evidence, which is prohibited by the regulations. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d at 782. Upon consideration, I find that the ALJ included in the RFC all limitations she found supported by the evidence.

### C. ALJ's RFC supported by substantial evidence

Lastly, Plaintiff argues that the RFC is flawed because record evidence supports the limitations identified by Wiener, Rios, and Bursten. Under the substantial evidence standard of review, Plaintiff must do more than point to evidence in the record that supports her position. Instead, she must show the absence of substantial evidence supporting the ALJ's conclusion. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x

595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F. 2d 1356, 1358 (11th Cir. 1991)).  When reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains substantial evidence to support the ALJ's factual findings.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).  "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.*  In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if the Court finds the evidence preponderates against the ALJ's decision.  *See Bloodsworth*, 703 F.2d at 1239.  Here, the ALJ properly analyzed the supportability and consistency of Wiener's, Rios's, and Bursten's opinions in determining their persuasiveness, as required by 20 C.F.R. § 404.1520c(c).  Hence, upon consideration, the Court finds that there is substantial evidentiary support for the ALJ's RFC evaluation.

  IV.  Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the

Commissioner and close the case.

      DONE and ORDERED in Tampa, Florida on February 3, 2023.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE